OPINION
{¶ 1} Defendant-appellant Anthony White appeals from the Judgment Entry of the Canton Municipal Court denying his "Motion to Dismiss Imposition of Sentence Void Judgment, No Jurisdiction." Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 15, 2002, appellant Anthony White was arrested for no operator's license (Canton City Ordinance 335.01(A)(1)), expired license plates (Canton City Ordinance 335.09(E)), and obstructing official business (R.C. 2921.31). Appellant was arraigned in Canton Municipal Court on March 25, 2002, and entered a plea of not guilty to all charges.
 {¶ 3} Appellant failed to appear for a pre-trial hearing on April 9, 2002, and a bench warrant was issued for his arrest. Appellant was arrested on April 15, 2002, and the pre-trial was held the next day. On that day, appellant appeared without counsel, and entered a plea of no-contest to all charges. He was fined $60.00 and sentenced to 50 hours of community service.
 {¶ 4} On April 18, 2002, appellant filed a motion to rescind the no-contest plea, which was overruled on April 19, 2002. On April 24, 2002, appellant filed a motion of sham arrest, which was overruled on April 25, 2002. Appellant filed a motion for a new trial on May 6, 2002, which was denied on May 9, 2002. Appellant filed a notice of appeal on May 16, 2002.
 {¶ 5} Pursuant to an Opinion filed on February 3, 2003, this Court affirmed the judgment of the Canton Municipal Court.
 {¶ 6} Subsequently, on February 26, 2003, appellant filed a "Motion to Dismiss Imposition of Sentence Void Judgment, No Jurisdiction." Appellant, in his motion, argued, in part, as follows:
 {¶ 7} "The judgments in these two cases are void. This court never had jurisdiction over these two alleged cases. The Plaintiff never invoked the jurisdiction of the Canton Municipal Court by filing a complaint with the clerk of court pursuant [to] R.C. 2935.05, therefore the Plaintiff is without jurisdiction ab initio."
 {¶ 8} The trial court, at a hearing on February 28, 2003, orally denied appellant's motion. Thereafter, as memorialized in a Judgment Entry filed on March 3, 2003, the trial court "inscribe[d] its oral decision."
 {¶ 9} Appellant, in his brief before this Court, has not specifically stated the assignments of error presented for review, with reference to the place in the record where each error is reflected, as required by App.R. 16(A)(3). From his brief, it appears appellant is arguing that the traffic citation issued to him was defective, that the BMV was vindictive towards him in failing to send appellant a license plate sticker although appellant mailed the BMV a money order for the same, and that the Prosecutor and trial court committed misconduct in arresting appellant and/or in not honoring an agreement that, if appellant pled no contest, his slate would be "wiped clean."
 {¶ 10} As is stated above, appellant argues that the traffic citation issued to him was defective since it was not "made upon oath before any person authorized by law to administer oaths" as required by Crim.R. 3 and that, therefore, his conviction was void. However, Crim.R. 3 requirements for a complaint issued under oath do not apply to traffic cases. City of Cleveland v. Austin (1978), 55 Ohio App.2d 215,380 N.E.2d 1357. State v. Douglas (Nov. 1, 1993), Ashland Case No. No. CA-1044.
 {¶ 11} None of the other matters complained of by appellant are demonstrated by the record. There is no transcript of the proceedings filed in the instant case. When portions of the transcript necessary to resolve issues are not part of the record, the court of appeals must presume regularity in the proceedings below and affirm. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.
 {¶ 12} Finally, the matters raised by appellant in his February 26, 2003, motion were also raised by appellant in his April 18, 2002, April 24, 2002, and May 6, 2002, motions, which were denied by the trial court. After appellant appealed the trial court's denial of the same, this Court, pursuant to an Opinion filed on February 3, 2003, affirmed the judgment of the Canton Municipal Court. The doctrine of res judicata now bars appellant from further litigating issues that were raised through his prior appeal. See State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104.
 {¶ 13} Appellant's assignments of error are, therefore, overruled.
 {¶ 14} Accordingly, the judgment of the Canton Municipal Court is affirmed.
By: Edwards, J., Gwin, P.J., and Boggins, J. concur.